## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**KEVIN L. WILKE**,

                Plaintiff,

   v.                                        **Case No. 14-cv-1144-pp**

**TANYA SHAW,**
**DR. TEODORA ROMANA,**
**LIETUENANT HEATHER WITTIG,**
**SHERIFF JEFFREY NETT,**
**CORPORAL PAUL HANNEMAN,**
**CORRECTIONAL HEALTHCARE COMPANIES, INC.,**
**BONNIE ALT, and**
**SANDRA GEISTLER,**

                Defendants.

---

## ORDER DENYING PLAINTIFF'S LETTER REQUESTS FOR INJUNCTIVE RELIEF (DKT. NOS. 33, 34), DENYING AS MOOT PLAINTIFF'S MOTION FOR CLARIFICATION AS TO RELEVANCE OF DISCOVERY (DKT. NO. 56), AND SETTING NEW DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS

---

The plaintiff is proceeding on Eighth or Fourteenth Amendment claims regarding deliberate indifference to a serious medical need. The plaintiff injured his fingers and knuckles during a fight in his jail block, and the complaint alleges that the guards and medical staff ignored his request for medical care. The plaintiff alleges that numerous individuals were part of a breakdown in communications regarding treatment for his fingers, which he now alleges are permanently deformed due to the delay in treatment.

1

On December 22, 2015, the court held a telephone hearing regarding the parties' pending motions. The court subsequently issued a minute order resolving the defendants' motion to compel and motion to dismiss. This order addresses several other motions.

## I.    Plaintiff's Requests for Injunctive Relief (Dkt. Nos. 32, 33 and 34)

In February 2015, the court received three letters from the plaintiff requesting access to certain legal materials. Dkt. Nos. 32, 33 and 34. At the time, the plaintiff was in custody in the Marquette County Jail. Id. He has since, however, been released. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot." *Lehn v. Holmes*, 364 F. 3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Because the plaintiff no longer is in custody, the court will deny the plaintiff's requests for injunctive relief against the jail because they are moot.

## II.   Plaintiff's Motion for Clarification as to Relevance of Discovery (Dkt. No. 56)

On May 13, 2015, the plaintiff filed a motion asking for clarification regarding the discovery requests he received from the defendants. Dkt. No. 56. He asked the court to review the discovery he received from the defendants and tell him whether certain of the items they requested were relevant to the claims in his complaint. He argued that some of the requests sought irrelevant information, and that others sought information that was prejudicial to his character and his case.

2

The court's resolution of the defendants' motion to compel addressed the relevance of each of the defendants' discovery requests. Accordingly, the court will deny the plaintiff's motion for clarification as moot. Consistent with the court's minute order, the plaintiff shall submit responses to the defendants' discovery requests, as modified by this order, on or before **Friday, January 29, 2016**. To the extent the defendants have any discovery requests from the plaintiff to which they have not responded, they also shall respond by that date. Within **ten** days of this order, the defendants shall provide the plaintiff with updated releases for the appropriate timeframe, consistent with the court's rulings regarding the interrogatories.

## III. Scheduling

On September 21, 2015, the court entered a text-only order suspending the deadlines for completing discovery and filing dispositive motions until the parties' discovery motions were resolved. Now that the court has resolved those motions, the court issues new deadlines below.

## IV. Conclusion

The court **DENIES AS MOOT** the plaintiff's requests for injunctive relief. Dkt. Nos. 32, 33, 34. The court also **DENIES AS MOOT** the plaintiff's motion for clarification as to relevance of discovery. Dkt. No. 56.

The plaintiff shall respond to the defendants' discovery requests, as modified by this order, on or before **Friday, January 29, 2016**. To the extent the defendants have any discovery requests from the plaintiff to which they

have not responded, they shall also respond by that date. The defendants also should provide the plaintiff with updated releases for the appropriate timeframe, consistent with the court's rulings regarding the Interrogatories, within **ten** days of this order.

Parties must serve all requests for discovery by a date sufficiently early so that all discovery is completed no later than **March 25, 2016**. If any party wishes to file a motion to dismiss and/or a motion for summary judgment, that party must file the motion, together with supporting briefs, no later than **April 25, 2016**.

Dated in Milwaukee, Wisconsin this 4th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

4