UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KEVIN L. WILKE**,

       Plaintiff,

v.             **Case No. 14-cv-1144-pp**

**TANYA SHAW,
DR. TEODORA ROMANA,
LIETUENANT HEATHER WITTIG,
SHERIFF JEFFREY NETT,
CORPORAL PAUL HANNEMAN,
CORRECTIONAL HEALTHCARE COMPANIES, INC.,
BONNIE ALT, and
SANDRA GEISTLER,**

       Defendants.

**ORDER DENYING PLAINTIFF'S FIRST MOTION FOR RECONSIDERATION (DKT. NO. 78), DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION (DKT. NO. 79), AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME (DKT. NO. 81)**

  The court held a telephonic status conference on December 22, 2016. Following that hearing, the court entered a minute order and a separate written order, both of which resolved motions pending in this case. Dkt. Nos. 76, 77. On January 15, 2016, the plaintiff filed two motions for reconsideration. Dkt. Nos. 78, 79.

  Additionally, one group of defendants filed a motion for a brief extension of time to file their motion for summary judgment. Dkt. No. 81. Although arguably the need to rule on the motion now is moot, because those defendants have filed their motion, the court will grant the motion.

1

## I. Plaintiff's First Motion for Reconsideration

In his first motion for reconsideration, the plaintiff asks the court to reconsider its denial of his requests for injunctive relief. Dkt. No. 78. At the time the plaintiff made those requests, he was in the Marquette County Jail, and was asking the court to require that facility to provide him access to certain legal materials. Dkt. No. 77 at 2. This court denied those requests because, by the time the court ruled on the, the plaintiff had been *released* from the Marquette County Jail. When a prisoner seeks injunctive relief for a condition specific to a particular institution, and then is transferred out of that institution, his request that the court order *that institution* to do something becomes moot. Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004); Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996).

The plaintiff now argues that his requests for injunctive relief were not moot, because when he was in the Marquette County Jail, he was in the middle of prosecuting an appeal in the state appellate court, and the Marquette County Jail denied him access to that court. Dkt. No. 78 at 1. Even if that is true, the court cannot go back in time and order the Marquette County Jail to give the plaintiff access to the Court of Appeals. There is nothing the court can order the Marquette County Jail to do that would remedy the fact that months ago, the jail did not give him access to the Court of Appeals. There is nothing this court can do in this case regarding the plaintiff's inability to appeal.

It appears to the court from reading the plaintiff's motion that what he really wants is to bring a claim against the Marquette County Jail for interfering with his ability to appeal his conviction. If that is what the plaintiff wants to do, he will need to file a separate lawsuit to do it. This case is about the medical care the plaintiff received after a fight at the jail. The Seventh Circuit Court of Appeals has held in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) that "[u]nrelated claims against different defendants belong in different suits."

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F.Supp. 656, 665-66 (N.D.Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir.1987); compare Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996) (providing nearly identical standard for motion under Rule 59(e)). The court made no manifest error of law or fact when it denied the plaintiff's requests for injunctive relief.

Nor has the plaintiff presented any newly discovery evidence. The court will deny this motion.

## II.     Plaintiff's Second Motion for Reconsideration

In his second motion to reconsider, the plaintiff asks the court to change its decision directing the plaintiff to answer an interrogatory that requests a list of all the jails and prisons where the plaintiff has been incarcerated. Dkt. No. 79. The plaintiff argues that the court has no grounds to order him to provide this information, and that the defendants want it only to "bash" the plaintiff's reputation to the court.

These are the same relevance arguments the plaintiff made in writing and during the telephonic status conference. The court explained in detail in the minute order that all the court had was deciding was whether the *defendants* could see the information, not whether that information could be shown to a jury. Dkt. No. 76 at 2-3. In other words, the court explained to the defendant that while the discovery rules allowed the defendants to obtain this information, the plaintiff needed to trust that the court would not allow them to use the information just to make him look bad in front of a jury, if the case went to trial. Id. at 3. The court also limited the required disclosure to incarceration in adult institutions; the plaintiff does not have to turn over the information regarding any *juvenile* facilities in which he may have been detained. Id. The court also noted that the information could be made subject to a protective order; that is, marked "for attorneys' eyes only." Id.

In his motion, the plaintiff argues that he can't think of any reason the defendants would want this information, other than to attack his reputation. Dkt. No. 79 at 2. He argues that any information about what facilities he's been in—particularly while a pretrial detainee—is not relevant. Id. He argues that what the defendants should have done was ask him whether he'd ever broken any bones in his hand before in his life. Id. at 3.

The court ruled that the plaintiff had to provide this information because it may well be relevant. The defendants cannot obtain the information they need simply by asking the defendant whether he ever has broken bones in his hand. First, the defendant might not remember other injuries, while institutions where he has been would keep records. Second, there could be other issues which might impact the plaintiff's claims—did he ever have bruises or sprains to that hand? Did he ever complain, in other facilities, of pain or weakness in that hand? Did the plaintiff ever injure that hand, in any way, while in another facility? There are many other reasons that information about where the plaintiff has been incarcerated in the past five years could be relevant to his claim in this case. The discovery rules allow parties to obtain any evidence "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Where the defendant has been incarcerated over the past five years is relevant, and while the court understands that the plaintiff is worried about providing this information, and does not want to provide this information, and is concerned that the defendants will use the information to make the plaintiff

look bad, the court has ruled that he must provide the information to the defendants.

The court did not make a manifest error of law or fact in ordering that the plaintiff had to answer Interrogatory No. 7, and the plaintiff has not presented any newly discovered evidence. See Rothwell, 827 F.2d at 251. The court will deny the plaintiff's motion. If the plaintiff has not already done so, he must answer this interrogatory within ten (10) days of this order.

### III. Medical Defendants' Motion for Extension of Time (Dkt. No. 81)

The deadline the court set for the parties to file dispositive motions was April 25, 2016. Dkt. No. 77. On April 15, 2016, the medical defendants filed a motion for an extension of that deadline to May 9, 2016, due to scheduling conflicts with counsel's case load. Dkt. No. 81. The court did not rule on the motion prior to the expiration of the original deadline, or the by the deadline the medical defendants had requested. Nonetheless, the medical defendants filed their motion by the date they proposed—May 9, 2016. Dkt. No. 91. And the plaintiff already has filed his brief in opposition. Dkt. No. 97. The court will grant the motion for an extension of time, *nunc pro tunc* to April 25, 2016.

### III. Order

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 78. The court also **DENIES** the plaintiff's second motion for reconsideration. Dkt. No. 79. The court **ORDERS** that the plaintiff must answer Interrogatory No. 7 within ten (10) days of the date of this order.

6


The court **GRANTS** the medical defendants' motion for and extension of time, Dkt. No. 81, and **ORDERS** that the motion for summary judgment filed May 9, 2016 was timely filed.

Dated in Milwaukee, Wisconsin this 6th day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

7

Case 1:14-cv-01144-PP   Filed 06/06/16   Page 7 of 7   Document 98